IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 23-CR-133-GKF |
| WILLIAM JAMES FORBIS, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the court on the Opposed Motion to Reconsider Dismissal of Indictment [Doc. 40] of the United States of America. For the reasons set forth below, the motion is granted.

I.   **Background**

On April 5, 2023, a grand jury returned an Indictment charging William James Forbis with one count of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1).[1] [Doc. 2]. The grand jury charged that Mr. Forbis had previously been convicted of three crimes punishable by imprisonment for terms exceeding one year:

1. Unlawful Possession of Methamphetamine, Case No. CF-98-159, in the District Court of Ottawa County, State of Oklahoma, on August 17, 1998;

2. Driving Under the Influence 2nd and Subsequent Offense, Case No. CF-2004-243, in the District Court of Ottawa County, State of Oklahoma, on November 3, 2004; and

---

[1] Section 922(g)(1) provides: "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition."

    3. Possession of a Controlled Dangerous Substance Methamphetamine, Case No. CF-2016-499A, in the District Court of Ottawa County, State of Oklahoma, on March 16, 2018.

[*Id.*]. The Indictment charges that Mr. Forbis, knowing that he had previously been convicted of at least one of the crimes listed above, knowingly possessed a Llama Model IIIA .380 AUTO caliber pistol with the serial number obliterated and six rounds of Federal .380 AUTO caliber ammunition. [*Id.*].

On July 18, 2023, Mr. Forbis filed the Motion to Dismiss Indictment [Doc. 24]. Mr. Forbis presented two arguments:

> First, that 18 U.S.C. § 922(g)(1) is facially unconstitutional as a violation of the Second Amendment. Second, that even if Section 922(g)(1) is not facially unconstitutional, it is unconstitutional as applied to Mr. Forbis because his prior felony convictions are not the kind of convictions that would find historical support for the complete and perpetual disarmament of persons otherwise protected by the Second Amendment.

[*Id.* at 1].

On August 17, 2023, the court granted the defendant's motion to dismiss the Indictment [Doc. 37] in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022).[2] Specifically, this court applied the two-step inquiry set out in *Bruen*, which requires the court to consider (1) whether the Second Amendment's plain text covers Mr. Forbis's conduct; and (2) whether the government sufficiently demonstrates that its regulation "is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S.Ct. at 2129–30. Ultimately, this court denied the defendant's facial challenge, but granted the

---

[2] This court concurred with Chief Judge Timothy DeGiusti's reasoning in *United States v. Jackson*, 622 F. Supp. 3d 1063, 1065 (W.D. Okla. 2022), that *Bruen* constitutes an intervening decision that relieves a district court of its obligation to follow Tenth Circuit authority because it is a decision by the Supreme Court "that is contrary to or invalidates [the Circuit's] previous analysis." [Doc. 37, p. 8]; *See United States v. Doe*, 865 F.3d 1295, 1298–99 (10th Cir. 2017).

motion to dismiss because the government did not meet "its burden to show that the convictions listed in the Indictment support a § 922(g)(1) charge 'consistent with the Nation's historical tradition of firearm regulation.'" [Doc. 37, p. 1]; *Bruen*, 142 S.Ct. at 2130.

On September 18, 2023, the United States of America filed a motion for this court to reconsider its dismissal of the Indictment in light of the Tenth Circuit's recent decision in *Vincent v. Garland*, 80 F.4th 1197 (2023).[3] [Doc. 40]. On September 25, 2023, this court held in abeyance a ruling on the motion for reconsideration pending the issuance of a mandate in *Vincent*.[4] [Doc. 43]. The circuit issued the mandate in this case on November 7, 2023. [No. 21-4121, Doc. 010110947827].

**II.    Analysis**

The court now reconsiders its decision to dismiss the Indictment [Doc. 37]. As previously stated, Mr. Forbis argues that § 922(g)(1) is (1) facially unconstitutional; and (2) unconstitutional as applied to him because his previous convictions are non-violent felonies, and his dangerousness has never been adjudicated. [Doc. 24, p. 9].

The Tenth Circuit's decision in *Vincent* controls in this matter, and the court hereby grants the plaintiff's motion to reconsider and reinstates the Indictment [Doc. 2]. In *Vincent*, the Tenth Circuit considered whether *Bruen* has overruled its earlier precedential opinion, *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009), wherein the circuit had upheld the constitutionality of § 922(g)(1). *Vincent*, 80 F.4th at 1199; *see also McCane*, 573 F.3d at 1047. The circuit reasoned it

---

[3] *Vincent v. Garland* was decided on September 15, 2023. 80 F.4th 1197.

[4] Mr. Forbis moved for the court to hold in abeyance any ruling on the motion for reconsideration until (1) the Supreme Court issues a ruling in *United States v. Rahimi*; or (2) the Tenth Circuit issues a mandate in *Vincent v. Garland*. [Doc. 41].

was obligated to apply its prior precedent and could not jettison *McCane* unless *Bruen* "indisputably and pellucidly abrogated" it. *Vincent*, 80 F.4th at 1200. Noting that six of the nine Justices had reaffirmed language in *District of Columbia v. Heller*, 554 U.S. 570 (2008) that it was not "cast[ing] doubt on longstanding prohibitions on the possession of firearms by felons" and, further, that the Court had apparently approved of "shall-issue" regimes and background checks, the circuit concluded that *Bruen* "did not indisputably and pellucidly abrogate our precedential opinion in *McCane*." *Id.* at 1201–02. Thus, *Bruen* did not overrule *McCane*. *Id.* at 1199.

As previously stated, "*McCane* squarely upheld the constitutionality of the ban on felons' possession of firearms." *Id.* at 1202; *see also McCane,* 573 F.3d at 1047 (rejecting arguments challenging the constitutionality of § 922(g)). The court is bound to apply this holding, and therefore § 922(g)(1) is not facially unconstitutional. *See United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit.").

Further, as recognized by the Tenth Circuit in *Vincent*, "[u]nder *McCane*, we have no basis to draw constitutional distinctions based on the type of felony involved." *Vincent*, 80 F.4th at 1202. Rather, "*McCane* . . . upheld the constitutionality of the federal ban for *any* convicted felon's possession of a firearm." *Id.; see also In re United States*, 578 F.3d 1195, 1200 (10th Cir. 2009) ("We have already rejected the notion that *Heller* mandates an individualized inquiry concerning felons pursuant to § 922(g)(1)."). Pursuant to *McCane* and *Vincent*, § 922(g)(1) is not unconstitutional as applied to any convicted felon. Thus, § 922(g)(1) is not unconstitutional as applied to Mr. Forbis, and the court must reinstate the Indictment in this matter.

### III.   Conclusion

WHEREFORE, the Opposed Motion to Reconsider Dismissal of Indictment [Doc. 40] of the United States of America is granted.

IT IS FURTHER ORDERED that the Order of dismissal [Doc. 37] and the Judgment of Dismissal [Doc. 38] are hereby vacated.

IT IS FURTHER ORDERED that all current deadlines in the Second Amended Scheduling Order [Doc. 23] are stricken.  The following Third Amended Scheduling Order is hereby entered[5]:

| | |
|---|---|
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file):<br><br>Counsel shall refer to all adult witnesses by their full names, rather than initials.  In cases involving minors, the parties shall submit two copies of the lists.  The first shall use the minors' full names.  The second shall use the minors' initials. | November 22, 2023, by 4:00pm |
| Three hard-copy exhibit binders delivered to Court: | November 22, 2023, by 4:00pm |
| Jury Trial: | November 27, 2023, at 9:30am |

Pursuant to LCrR47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

IT IS SO ORDERED this 9th day of November, 2023.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[5] The court must set an accelerated trial schedule due to Speedy Trial Act deadlines.  In the event the parties file a motion for continuance, the court will enter a Fourth Amended Scheduling Order.